Holbrook *v.* Camp.

———◆———

FREDERICK HOLBROOK *vs.* GROVE CAMP.

The legal import of a blank indorsement of a negotiable note by a stranger to the note, is an engagement by the indorser that the note is due and payable according to its tenor, that the maker shall be of ability to pay it when due, and that by the use of due diligence it will then be collectible.

The exercise of due diligence requires of the holder the immediate institution of a suit by attachment against the maker if he is possessed of attachable property sufficient to pay the note; and neither the insolvency of the maker, nor the fact that the holder is ignorant that he is possessed of such property, is a sufficient excuse for a neglect to institute such suit.

ASSUMPSIT; tried in the Court of Common Pleas in New Haven county, (*Bronson, J.,*) and reserved for advice on a finding of facts by the court.

The case is sufficiently stated in the opinion.

*Wooster*, for the plaintiff.

*H. B. Munson*, for the defendant.

FOSTER, J.   The debt which this suit is brought to recover is admitted by the defendant to be due.  The question between the parties arises on a note held by the defendant, on which the plaintiff's name appears as indorser, which note the defendant insists that the plaintiff is bound to pay.  The defendant offers to set off so much of this note as may be necessary to pay his indebtedness to the plaintiff, and seeks to recover from him the remainder of said note.

From the facts found it appears that on the 9th of October, 1868, one Frederick L. Wheeler borrowed of Nelson H. Downs the sum of $250, and gave his promissory note therefor, payable to the order of said Downs, twelve months after date with interest.  For the accommodation of Wheeler, the maker of this note, the plaintiff indorsed the same in blank.  Downs held this note till the 23d of December, 1869, when he sold and indorsed it to the defendant, who thereupon presented it to the plaintiff as a set-off to his, the plaintiff's, present claim.  The plaintiff denied any liability on the note, and refused and still refuses to pay it.

The law of this State as to the responsibility assumed by a party who puts his name on the back of a negotiable or nonnegotiable note, for the better security of the holder, has on divers occasions been very deliberately considered, and very explicitly stated by this court.  We refer only to *Perkins* v. *Catlin*, 11 Conn., 213, *Castle* v. *Candee*, 16 Conn., 223, and *Clark* v. *Merriam*, 25 Conn., 575.  The legal import of this blank indorsement was an engagement by the indorser that the note was due and payable according to its tenor; that the maker would be of ability to pay it when due; and that by the use of due diligence it would then be collectible.

It further appears from the facts found that when this note came to maturity the maker owned attachable property of the value of $270, and had also $75 in money.  Evidence was offered, and objected to as inadmissible, as to the value of an

insurance policy on his life, held by Wheeler at that time. It is unnecessary to decide as to the admissibility of that evidence, as it appears that Wheeler had other property more than sufficient to pay this note. Under such circumstances what did the exercise of due diligence require of the holder ? Judge Ellsworth in giving the opinion of the court in *Clark* v. *Merriam*, 25 Conn., 582, a case very similar to the case at bar, says * * * "but this is a mere guaranty by a stranger, and in such a case the diligence required by law is the immediate institution of a suit by attachment, if the maker of the note is possessed of property."

Here nothing was done. There was no attempt to collect the note, by attachment or otherwise, until after it was sold to the defendant on the 23d of December, 1869, though it matured on the 12th of October previously. The reasons assigned for this neglect are, that Wheeler in August before the note became due removed with his family from Derby, where all the parties resided, to New Haven; that Downs did not know that he possessed property and believed him to be without any; and that being indebted to other persons to an amount, this note included, greater than his assets, he was insolvent, unable to pay more than forty per cent. of his debts.

We consider these reasons insufficient for not proceeding against Wheeler to collect this note. His removal to New Haven, where he would be equally within reach of process as at Derby, was manifestly of no consequence. Besides, his property was left behind him at Derby with his father for sale, subject to no pledge or incumbrance. That Downs was ignorant of it, that he believed Wheeler to be without property, cannot affect the question. The property was not concealed ; by the exercise of due diligence it could readily have been taken and made available in payment of this note. The excuse of insolvency is also insufficient. The rule now is simple, certain and always capable of easy application. If the insolvency of the party be admitted as a good excuse for not enforcing it, we are led at once into the mazes of uncertainty. How is the fact of insolvency to be ascertained ? Many persons with large amounts of property in possession are possibly

insolvent—many so near it, that it would be impossible to determine the question without winding up their affairs and settling their estates; the result then might be different from the best judgment made up beforehand. If insolvency is to excuse the bringing of a suit where the party has sufficient property in possession to pay the note, we should be driven into the trial of a collateral issue, without the possibility, in many cases, of arriving at a positive result.

We think the holder of this note failed to exercise due diligence to collect it when it fell due, and so released the indorser from his liability to pay it. We advise the Court of Common Pleas to render judgment for the plaintiff for the amount found due.

In this opinion the other judges concurred.