LOUIS C. GILLESPIE vs. HENRY T. WHEELER.

The blank endorsement of a note or bill of exchange by a person not a party to it, imports a guaranty that the note or bill will be collectible when due by the use of due diligence.

But due diligence does not require that the holder should bring suit where the endorser has some property, but insufficient to pay the whole debt.

The guaranty is that the whole amount shall be collectible.

ASSUMPSIT against the defendant as guarantor of a bill of exchange; brought to the Court of Common Pleas of Fairfield County and tried to the court before *Hall*, J. Facts found and judgment rendered for the plaintiff. Motion for a new trial by the defendant. The case is sufficiently stated. in the opinion.

*H. S. Sanford* and *L. M. Slade*, in support of the motion.

*R. E. De Forest*, contra.

CARPENTER, J. The defendant, not being a party to a bill of exchange, indorsed it in blank. The plaintiff was the bonâ fide holder thereof at its maturity. At that time the acceptor of the bill possessed property to the amount of two hundred and seventy-one dollars only. The face of the bill was four hundred and seventy-four dollars. No suit was commenced against the acceptor. Soon after the bill matured this suit was brought and the plaintiff obtained a judgment. The defendant filed a motion for a new trial.

The sole ground of defense is that the plaintiff did not use

due diligence to collect the bill when it fell due, inasmuch as no suit was brought against the acceptor.

It is agreed that the blank indorsement imported an agreement by the defendant that the bill should be collectible by the use of due diligence; and it is further agreed that due diligence requires that a suit should be commenced and property attached if the acceptor has sufficient property.

The defendant admits that no suit is necessary if the acceptor had no property; but insists that if he has any property a suit is indispensable, although it is obvious that the property is insufficient to pay the demand.

The law of this state is too well settled to admit of question, that when the maker of a note or acceptor of a bill has property, but it is notoriously insufficient to satisfy the demand, the holder is not bound to sue and attach. The reason is obvious. The indorser contracted that the whole bill, not a part of it, should be collectible. If only a part could be collected the contract was broken. *Shelden* v. *Ackley*, 4 Day, 458; *Welton* v. *Scott*, 4 Conn., 527; *Perkins* v. *Catlin*, 11 Conn., 213; *Holbrook* v. *Camp*, 38 Conn., 23.

A new trial is not advised.

In this opinion the other judges concurred.