## HENRY B. GRAVES *vs.* SOLON B. JOHNSON.

Parol evidence is admissible to show the true relations of the parties to a prom-
issory note, as between themselves, where the law would have inferred, in the
absence of such proof, a different relation of the parties.

The plaintiff undersigned a note as surety which was payable to the defendant's
order and held by him. This was done at the request of the defendant, and
solely for his benefit, and upon an agreement that the arrangement should be
kept secret from the principal, and that the defendant would hold the note till
due, and if the principal did not pay it that the plaintiff should not be com-
pelled to pay it. The defendant in violation of the agreement negotiated the
note before due for value to a bonâ fide holder, who brought suit upon it
against both the makers and the plaintiff was compelled to pay it. In a suit
afterwards brought by the plaintiff to recover the amount from the defendant,
it was held that proof of the parol agreement between the parties was admis-
sible and that under the agreement the plaintiff was entitled to recover.

And held that the statute of limitations did not begin to run in the defendant's
favor upon the claim of the plaintiff for money paid for him, until the pay-
ment of the money.

The note was negotiated by the defendant more than three years before the suit
was brought, but the payment of it was made by the plaintiff within the three
years. By the statute of limitations suits on express contracts not in writing
must be brought within three years. Held that, however it might be as to the
breach of the agreement by the negotiation of the note, yet the other part of
the agreement, that the plaintiff should not be compelled to pay the note, was
not broken until he was compelled to pay it, and the statute of limitations as
to this part of the agreement did not begin to run until then.

Besides this, the agreement fixed the relation between the parties, so that when-
ever the plaintiff was compelled to pay the note he was paying it at the
request of the defendant, and could recover the amount as money paid for
him, without counting upon the breach of the special agreement.

ASSUMPSIT on a special contract, with the common counts;
brought to the Superior Court in Litchfield County, and tried
to the court before *Hovey, J.* The court found the following
facts.—

In the month of August, 1873, and prior to the 25th day
of that month, John R. Farnum made and delivered to the
defendant for a valuable consideration his promissory note in
writing, as follows:—"Litchfield, Aug. 1, 1873. For value
received I promise to pay to Solon B. Johnson or order on
the 1st of January, 1874, two hundred and fifty dollars with
interest. JOHN R. FARNUM." On the 25th of August, 1873,

the plaintiff signed the note as surety, for the sole accommodation and benefit of the defendant and at his request, and without receiving therefor any consideration whatever. He was induced to sign it by the promise of the defendant that if he would do so, he, the defendant, would hold it until its maturity and not negotiate it, and that if Farnum failed to provide for its payment the plaintiff should not be compelled to pay it, provided he would not disclose to Farnum that he was not legally holden as surety for the payment. This agreement was proved wholly by parol evidence, to which the defendant objected, but the court admitted it. The plaintiff did not disclose to Farnum that he was not legally holden as surety, but kept him in ignorance of the fact.

Soon after the note was signed by the plaintiff and before it became due the defendant indorsed and delivered it to one Foster, who purchased it in good faith, for a valuable consideration, and without notice of the circumstances under which the plaintiff became a party to it. The plaintiff had notice of the indorsement and delivery of the note to Foster the latter part of December, 1873.

Farnum did not pay the note when it matured or at any time, and on the 13th of March, 1874, Foster commenced a suit at law against Farnum and the plaintiff, in the Superior Court at Litchfield, to recover its amount; and while the suit was pending, on the 16th day of November, 1875, the plaintiff was compelled to pay and did pay to Foster $289.08, being the amount due on the note, and received from him the note, which he has ever since held. The defendant, though requested, has never paid any part of the amount to the plaintiff.

Upon these facts the court rendered judgment for the plaintiff for $348 damages and his costs. The defendant brought the case before this court by a motion in error.

*G. A. Hickox*, for plaintiff in error.

1. The plaintiff could not have successfully defended against the note in question even had it remained in the defendant's hands till due. It was not accommodation paper,

but given for valuable consideration, and its terms could not have been varied or contradicted by the parol evidence on which the plaintiff bases his present case. *Hoare* v. *Graham*, 3 Camp., 57; *Mosely* v. *Hanford*, 10 Barn. & Cress., 730; *Hall* v. *Rand*, 8 Conn., 560, 577; *Woodbury Savings Bank* v. *Charter Oak Ins. Co.*, 29 id., 374, 381; *Bradley* v. *Bentley*, 8 Verm., 243; *Wakefield* v. *Stedman*, 12 Pick., 562; *Hanchet* v. *Birge*, 12 Met., 548. Though formerly holding that the contract implied from a blank endorsement might be varied by parol evidence, our courts have since confined even that exception to the usual rule within narrow limits such as would not include the present case. *Dale* v. *Gear*, 38 Conn., 15.

2. Having paid the amount due on his note, the plaintiff cannot recover in the present action, since the so-called contract he sets up is a parol condition or defeasance such as the law will not allow him to attach to the original instrument in writing, still less to recover upon as an independent contract. *Curtis* v. *Wakefield*, 15 Pick., 437. If the defendant is liable to the plaintiff in any action, it is in case for fraud; clearly not in assumpsit. *Dale* v. *Gear*, 38 Conn., 15; *Curtis* v. *Wakefield*, 15 Pick., 437; 2 Parsons on Notes & Bills, 503.

3. The plaintiff's right of action, if he has any, is upon a special parol contract, and is barred by the statute of limitations unless brought within three years from the time when it accrued. *Kennedy* v. *Carpenter*, 2 Whart., 344; *Farmers' Bank* v. *Gilson*, 6 Penn. St., 51; *Stocking* v. *Sage*, 1 Conn., 75; *Beach* v. *Mills*, 5 id., 493; *Terrill* v. *Beecher*, 9 id., 344; *Remington* v. *Noble*, 19 id., 387; 1 Swift Dig., 582; Gen. Statutes, 494, sec. 7. The plaintiff's right of action accrued, if at all, when the defendant negotiated the note to Foster, before December, 1873. It is upon this alleged breach of contract that the plaintiff declares, averring that, in consequence of Foster's suit, "the plaintiff was, contrary to said agreement, *and in consequence of the conduct of the defendant in negotiating said note as aforesaid,* compelled to pay said note and interest." 2 Greenl. Ev., § 435; *Lathrop* v. *Atwood*, 21 Conn., 117, 123; *Bank of Hartford*

*County* v. *Waterman*, 26 id., 335; *Battley* v. *Faulkner*, 3 Barn. & Ald., 288; *Colvin* v. *Buckle*, 8 Mees. & Wels., 680; *Whitehead* v. *Walker*, 9 id., 506; *Bank of Utica* v. *Childs*, 6 Cow., 238; *Wilcox* v. *Plummer's Exrs.*, 4 Pet., 172, 179; *Kennedy* v. *Carpenter*, 2 Whart., 344; *Farmers' Bank* v. *Gilson*, 6 Penn. St., 51.

*H. B. Graves*, for defendant in error.

GRANGER, J. This action is founded upon a special parol agreement made by the defendant, which was in substance that if the plaintiff would sign the note of Farnum as surety, he, the defendant, would hold it until its maturity, and not negotiate it, and that if Farnum failed to pay the note the plaintiff should not be compelled to pay it, provided he would not disclose to Farnum that he was not legally holden as surety for its payment. The plaintiff fulfilled his part of the agreement, and did not disclose to Farnum the arrangement between him and the defendant, but the latter violated his part of the agreement, and negotiated the note to a bonâ fide purchaser. Farnum did not provide for its payment, and the plaintiff was sued upon the note by the holder and was compelled to pay it.

The plaintiff signed the note as surety for the sole accommodation and benefit of the defendant and at his special request, and without receiving therefor any consideration whatever. Can there be any reason in law or equity why he should not recover? He has paid his money for the benefit of the defendant, and if any rule of law precludes him from recovering, such a rule is against all reason and justice. The defendant makes no denial that he has had the plaintiff's money, but he says that the law is so that the plaintiff cannot recover; and the rule of law which he relies upon is the old and salutary one, that a written instrument cannot be varied or contradicted by parol evidence. We have only to say, as CARPENTER, J., says in the case of *Schindler* v. *Muhlheiser*, 45 Conn., 154—"That rule has no application to a case like this." It has for its object the prevention of fraud and per-

jury in those cases where parties have put their contract in writing by excluding other evidence of the terms of the contract than the writing itself. In fact the case referred to bears a striking analogy to the present, and the reasoning in that case applies well to this. If the defendant can succeed in applying the rule, he makes it an instrument of fraud and wrong, and cheats the plaintiff out of an honest and perfectly equitable claim. See the cases cited in that case and in *Thacher* v. *Stevens*, 46 Conn., 561.

The action, as we have seen, is not founded upon the note, but upon the agreement made between the parties at the time the plaintiff became surety on the note for the sole accommodation of the defendant, and the contract was good and valid, and was in effect a contract of indemnity to the plaintiff. It was not in writing and of necessity must be proved by parol, if provable at all, which it clearly was. But if the action was upon the note, and Johnson the payee was plaintiff, and Graves defendant, the latter could show by parol the circumstances under which he signed the note, that it was without consideration, and at the request and for the accommodation of Johnson. "Nothing is more common than to introduce evidence of the real and true relation of parties to each other whose names are on negotiable paper, where *primâ facie* the position or order of signature makes a contract different from the true relations of the parties. The proper inquiry is, who among the parties is to pay the debt." ELLSWORTH, J., in *Colegrove* v. *Rockwell*, 24 Conn., 583.

The claim of the defendant, that the plaintiff's claim is barred by the statute of limitations, cannot be allowed to defeat the claim. The agreement of the defendant that he would hold the note till maturity and that the plaintiff should not be compelled to pay it was of course violated by the defendant's negotiation of it soon after it was made, which was on the 1st of August, 1873, and perhaps, so far as his liability to damages for the mere negotiating of the note is concerned, that liability was barred by the statute when the suit was brought on the 21st of August, 1878. It is not necessary for us to consider this point, for the defendant also

agreed that the plaintiff should not be compelled to pay the note, and this part of the agreement is set out and relied upon in the special count. This agreement of course was not violated until the plaintiff was actually compelled to pay the note, which was on the 16th of November, 1875, and less than three years before the suit was brought. Besides all this, the agreement had fixed the relation between the parties, so that whenever the plaintiff was compelled to pay the note he was paying it at the request of the defendant, and could recover the amount of him as money paid out for him, without counting upon the breach of the special agreement. That agreement had created a duty on the part of the defendant to provide for the payment of the note; this was a perpetual duty, and when the plaintiff was compelled to pay it he was paying a debt of the defendant. It was substantially a contract of indemnity, which of course holds good so long as the liability remains against which the indemnity was intended to provide.

There is no error in the judgment.

In this opinion the other judges concurred.